UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JINA HARPER, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff*, | § § | No. _____ |
| v. | § § | JURY TRIAL DEMANDED |
| ALAMO ENVIRONMENTAL, INC. d/b/a ALAMO 1, | § § § § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jina Harper (referred to as "Plaintiff" or "Harper") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendant Alamo Environmental, Inc. d/b/a Alamo 1 (referred to as "Defendant" or "Alamo 1"). In support thereof, she would respectfully show the Court as follows:

### I. Nature of Suit

1.  Harper's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.  The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA

defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Alamo 1 violated the FLSA by employing Harper and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Alamo 1 violated the FLSA by failing to maintain accurate time and pay records for Harper and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Harper brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Alamo 1 resides in the Beaumont Division of the Eastern District of Texas and/or a substantial part of the events or omissions giving rise to Harper's claims occurred in the Beaumont Division of the Eastern District of Texas.

## III. Parties

8. Plaintiff Jina Harper is an individual who resides in Hancock County, Mississippi and who was employed by Alamo 1 during the last three years.

9. Defendant Alamo Environmental, Inc. d/b/a Alamo 1 is a Texas corporation that may be served with process by serving its registered agent:

> D. Wade Hayden
> 12400 San Pedro Ave, Suite 200
> Dallas, Texas 75201

Alternatively, if the registered agent of Alamo Environmental, Inc. d/b/a Alamo 1 cannot with reasonable diligence be found at the company's registered office, Alamo Environmental, Inc. d/b/a Alamo 1 may be served with process by serving the Texas Secretary of State pursuant to Tex. Bus. Org. Code § 5.251 and Tex. Civ. Prac. & Rem. Code § 17.026.

10. Whenever it is alleged that Alamo 1 committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Alamo 1 or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

11. According to its website, Alamo 1 is a full-service environmental contractor that specializes in industrial construction, demolition, remediation, abatement, technical services, waste transportation, emergency response, recycling, health, and safety compliance; it does business in the territorial jurisdiction of this Court. *See*, https://www.Alamo 1.com (last visited Aug. 20, 2018).

12. Alamo 1 employed Harper as an inspector from approximately January 29, 2018, to July 6, 2018.

13. Inspectors, like Harper, are responsible for, among other things, documenting damage to property following natural disasters like hurricanes and hailstorms.

14. Harper was not required to have a professional license for the work she did.

15. Harper's primary duties were nonexempt.

16. Harper's primary duties did not include office or nonmanual work.

17. Harper's primary duties were not directly related to the management or general business operations of Alamo 1 or its customers.

18. Harper's duties did not differ substantially from the duties of a traditionally nonexempt hourly worker.

19. Harper did not exercise a meaningful degree of independent discretion with respect to the exercise of her duties.

20. Harper did not have the discretion or authority to make any decisions with respect to matters of significance.

21. Instead, Harper was required to follow the policies, practices and procedures promulgated by Alamo 1.

22. Harper did not have any independent authority to deviate from these policies, practices and procedures.

23. During Harper's employment with Alamo 1, she was engaged in commerce or the production of goods for commerce.

24. During Harper's employment with Alamo 1, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

25. During Harper's employment with Alamo 1, the company had an annual gross volume of sales made or business done of at least $500,000.

26. Alamo 1 paid Harper per inspection.

27. During Harper's employment with Alamo 1, she regularly worked in excess of forty hour per week.

28. Alamo 1 knew or reasonably should have known that Harper worked in excess of forty hours per week.

29. Alamo 1 did not pay Harper overtime "at a rate not less than one and one-half times the regular rate at which [she was] employed." 29 U.S.C. § 207(a)(1).

30. Instead, Alamo 1 paid Harper a fixed sum of money per inspection regardless of the number of hours she actually worked.

31. In other words, Alamo 1 paid Harper for the overtime that she worked at a rate less than one and one-half times the regular rate at which she was in employed in violation of the FLSA.

32. Alamo 1 knew or reasonably should have known that Harper was not exempt from the overtime provisions of the FLSA.

33. Alamo 1 failed to maintain accurate time and pay records for Harper as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

34. Alamo 1 knew or showed a reckless disregard for whether its pay practices violated the FLSA.

35. Alamo 1 is liable to Harper for her unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

36. All inspectors employed by Alamo 1 are similarly situated to Harper because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Alamo 1 pursuant to 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

37. Harper adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

38. During Harper's employment with Alamo 1, she was a nonexempt employee.

39. As a nonexempt employee, Alamo 1 was legally obligated to pay Harper "at a rate not less than one and one-half times the regular rate at which [she was] employed[]" for the hours that she worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

40. Alamo 1 did not pay Harper overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

41.     Instead, Alamo 1 paid Harper a fixed sum of money per inspection regardless of the number of hours she actually worked.

42.     In other words, Alamo 1 paid Harper for the overtime that she worked at a rate less than one and one-half times the regular rate at which she was in employed in violation of the FLSA.

43.     If Alamo 1 classified Harper as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

44.     Alamo 1 knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Alamo 1 willfully violated the overtime requirements of the FLSA.

## VI. Count Two—
### Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

45.     Harper adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

46.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

47.     In addition to the pay violations of the FLSA described above, Alamo 1 also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—
## Collective Action Allegations

48. Harper adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

49. On information and belief, other employees have been victimized by Alamo 1's violations of the FLSA identified above.

50. These employees are similarly situated to Harper because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

51. Alamo 1's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

52. Since, on information and belief, Harper's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

53. All employees of Alamo 1, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The class is therefore properly defined as:

> All inspectors employed by Alamo 1 during the last three years.

54. Alamo 1 is liable to Harper and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

55. Because Alamo 1 knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Harper and the members of the putative class their unpaid overtime wages for at least the last three years.

56. Alamo 1 is liable to Harper and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

57. Alamo 1 is liable to Harper and the members of the putative classes for their reasonable attorneys' fees and costs.

58. Harper has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## VIII. Jury Demand

59. Harper demands a trial by jury.

## IX. Prayer

60. Harper prays for the following relief:

    a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

    b. judgment awarding Harper and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

    c. prejudgment interest at the applicable rate;

    d. postjudgment interest at the applicable rate;

e.  incentive awards for any class representative(s); and

f.  all such other and further relief to which Harper and the other inspectors may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF JINA HARPER**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739